UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRACKED ENTERTAINMENT, INC. :
Plaintiff :
vs. : C.A. No. 06-044 T
CHAD NEVOLA, TOM GONELLA
MARK WILLIAMS and JOHN SOUZA :
Defendants :

**ANSWER**

Defendant, Chad Nevola, Tom Gonella, Mark Williams and John Souza hereby respond to the Complaint filed by Cracked Entertainment, Inc. ("CEI") as follows:

**NATURE OF THE ACTION**

1. Defendants deny the allegations contained in the first part of the first sentence contained in paragraph 1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and therefore deny same.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

**PARTIES**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore deny same.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

**JURISDICTION AND VENUE**

9. Paragraph 9 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 9.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10.

11. Paragraph 11 states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 11.

**THE BUSINESS OF CRACKED ENTERTAINMENT INC.**

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny same.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore deny same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore deny same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore deny same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore deny same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore deny same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore deny same.

**THE FAMOUS CRACKED TRADEMARK**

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore deny same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore deny same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore deny same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore deny same.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore deny same.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore deny same.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny same.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore deny same.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore deny same.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore deny same.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore deny same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore deny same.

35. Defendants admit that Registration No. 1,009,915 lapsed but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 and therefore deny same.

36. Defendants admit that Registration No. 2,015,215 lapsed but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and therefore deny same.

37. Defendants admit that Registrations Nos. 1,009,915 and 2,015,215 lapsed but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 and therefore deny same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore deny same.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny same.

## UNLAWFUL CONDUCT BY DEFENDANT

40. Defendants admit only that the contents of application Serial No. 78/472,342 speak for themselves. To the extent the allegations contained in paragraph 40 differ from the terms of the referenced application, Defendants deny the allegations contained in paragraph 40.

41. Defendants admit only that the terms of the referenced correspondence speak for themselves. To the extent the allegations contained in paragraph 41 differ from the terms of the referenced correspondence, Defendants deny the allegations contained in paragraph 41.

42. Defendants admit only that the terms of the referenced correspondence speak for themselves. To the extent the allegations contained in paragraph 42 differ from the terms of the referenced correspondence, Defendants deny the allegations contained in paragraph 42.

43. Defendants admit using CRACKED as the name of their band in connection with live performances and offering CDs for sale but deny the remaining allegations contained in paragraph 43.

44. Defendants admit the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

**Count I : Federal Trademark Infringement and Unfair Competition**

49. Defendants repeat and reallege their responses to paragraphs 1 through 48 as if fully set forth herein.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

**Count II : Federal Trademark Dilution**

55. Defendants repeat and reallege their responses to paragraphs 1 through 54 as if fully set forth herein.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. Defendants deny the allegations contained in paragraph 58.

## Count III: Dilution Under Rhode Island Law

59. Defendants repeat and reallege their responses to paragraphs 1 through 58 as if fully set forth herein.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

62. Defendants deny the allegations contained in paragraph 62.

## Count IV : Common Law Trademark Infringement

63. Defendants repeat and reallege their responses to paragraphs 1 through 62 as if fully set forth herein.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

Defendants deny that Plaintiff is entitled to the relief sought in the Prayer for Relief following paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's request for injunctive relief is barred by the doctrines of latches, acquiescence and estoppel.

## THIRD DEFENSE

Defendants' use of CRACKED is not likely to cause confusion with any of Plaintiff's marks.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed with prejudice, that judgment enter in favor of Defendants and against Plaintiff, and that Defendants be awarded costs and attorneys' fees.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

CHAD NEVOLA, TOM GONELLA,
MARK WILLIAMS and JOHN SOUZA
By their Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 (Tel)
(401) 455-0701 (Fax)

Dated: March 6, 2006

**CERTIFICATION**

TO:

Richard W. MacAdams
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Paul M. Fakler
Thelen, Reid & Priest LLP
875 Third Avenue
New York, NY 10014

I hereby certify that I caused a true copy of the within *Answer to Complaint* to be forwarded to the above-named counsel of record via First Class Mail on the 6th day of March, 2006.

[signature]